Filed 5/9/23  P. v. Filares CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GUSTAVO FILARES,<br><br>    Defendant and Appellant. | D081265<br><br>(Super. Ct. No. SCD294600) |


APPEAL from a judgment of the Superior Court of San Diego County, David M. Rubin, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Gustavo Filares of burglary (Pen. Code,[1] § 459; Count 1) and petty theft (§ 484; Count 2).  The court denied probation and sentenced Filares to the middle term of four years for burglary.  The court

_____

[1]    All further statutory references are to the Penal Code.

imposed various fines and fees but then stayed them because Filares lacked the ability to pay them.

Filares filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Filares the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS[2]

Counsel has provided an accurate summary of the facts of the offenses in this case. We will adopt that summary for convenience.

### A. The Prosecution Evidence

#### 1. Count 2: Petty Theft

Adam H. lived on West Montecito Way in Mission Hills. His residence was equipped with ring cameras. One of the cameras was located at the top of the driveway next to the garage. It recorded activity on the driveway and sidewalk. The recordings contain date and time stamps. On May 11, 2022, Adam viewed the recordings from his ring cameras at the request of a police officer.

Exhibit 13 was a video from the ring camera looking through the back gate towards the garage. It showed someone looking through children's gear on the ground at around 12:58 p.m. Adam did not give permission for anyone to take the baseball bag shown in Exhibit 13. Adam could not identify the person in the video. A police officer returned the baseball bag to Adam later

---

[2]    We refer to individuals involved in the events by first names and last initial to protect personal privacy interests. (See Cal. Rules of Court, rule 8.90(b).)

2

during the day on May 11.  A baseball bat was the only item missing from the bag.

    2.  Count 1:  Burglary

Ryan S. lived on Saint James Place in San Diego.  On May 11, 2022, at around 2:30 p.m., Ryan and his mother, Roslyn R., took trash outside.  They both came back into the house.  Ryan went to his bedroom.  Ryan's mother went to the kitchen.  Ryan called her mother to come to his bedroom.  Roslyn was in the bedroom about a minute when Ryan heard the sound of chimes.  Chimes were located on the inside of the back door.  Ryan thought someone was in the house.  Roslyn went to the laundry room.  Ryan followed.  A male stood in the doorway.  Exhibit 5 showed their location.  Ryan was unable to make an in-court identification of Filares as the person in the house.  Filares appeared similar to the person.  The male wore black pants, a maroon windbreaker with Santa Clara Lacrosse written on the back, and carried a black backpack.  Exhibit 6 showed a person wearing the same clothing as the person who entered the house.

The male and Roslyn held onto a brown bag.  Ryan yelled for the male to leave.  The brown bag contained empty butane canisters.  The male turned, stumbled down the stairs, and left the house.  Ryan followed the male in his vehicle.  He saw the male walk on Sunset Street.  Ryan followed the male to the intersection of Sunset Street and Fort Stockton Drive.  Ryan met police at that location and told them what had transpired.

San Diego Police Officer Frances Perez responded to Fort Stockton Drive and Sunset Street in response to a call about hot prowl burglary.  Perez met Ryan at that location and then went to Saint James Place and spoke with Roslyn.  Perez and his partner then looked for the suspect.  At 3:56 p.m., the officers saw someone, identified as Filares, at Washington Street,

matching the suspect description. Filares sat on the side of the road. Filares ran across the street and went inside Mission Hills Liquor. Perez went into the liquor store. Filares wore a black backpack. Perez told Filares to put it on the ground. Filares did so. Exhibit 9 showed the contents of the backpack which included Adam's baseball bag. Exhibit 10 showed the property in the backpack.

Filares was arrested.

## B. The Defense Evidence.

Filares did not present any evidence.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal: Whether there is sufficient evidence in the record to support the conviction for count 2.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Filares on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


BUCHANAN, J.